E-FILED
Thursday, 09 March, 2023 04:11:12 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY HOLLINGSHEAD (Pri. No. #M42666), Plaintiff, | No.__________ |
| -Vs- | |
| WEXFORD HEALTH SOURCES, INC.; KIM A. WYHTUB; DR. M. ZAHTZ; Dr. JONATHAN EK; DR. KURT OSMUNDSON; SHERWIN MILES; KASEY KRAMER; MS. SHINN; and CHRISTINE BRANNON DORTCH, Defendants. | JUDGE:__________ Magistrate:__________ |

## COMPLAINT UNDER THE CIVIL RIGHTS ACT
## (Pursuant To 42 U.S.C. § 1983)

NOW COMES Plaintiff, JEFFREY HOLLINGSHEAD, Pro se, and for his ("Complaint") against Defendants **WEXFORD HEALTH SOURCES, INC, KIM A. WYHTUB, DR. M. ZAHTZ, DR. JONATHAN EK, DR. KURT OSMUNDSON, SHERWIN MILES, KASEY KRAMER, MS. SHINN and CHRISTINE BRANNON DORTCH** states as follows:

## PRELIMINARY STATEMENT

1. This action arises under the U.S. Constitution and the Civil Rights Act pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution wherein Plaintiff Jeffrey Hollingshead seeks to redress deprivations by all Defendants. Further, Plaintiff seeks a "Preliminary Injunction" due to Plaintiff facing a substantial risk of serious, irreparable harm, due to the ongoing Constitutional violation.

2. Plaintiff, a prisoner of the State of Illinois, seeks damages and equitable relief under 42 U.S.C. § 1983, for violations of Plaintiff's rights based on deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States

Constitution. Further, Plaintiff alleges a First Amendment violation for filing Grievances, and State Law Claims of Intentional Infliction of Emotional Distress ("IIED").

3. At all times herein, all Defendants were acting under color of State law of rights secured to plaintiff by the 1st and 8th Amendments to the United States Constitution and the laws of the United States and State of Illinois.

4. To the best of Plaintiff's knowledge and belief, he has no other case currently pending in Federal Court, and this is Plaintiff's First Civil Rights Complaint.

## JURISDICTION AND VENUE

5. Jurisdiction arises under 42 U.S.C. § 1983 et seq., and pursuant to 28 U.S.C. §1331(1) and §1343.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events which give rise to the Plaintiff's claims took place within the Northern District of Illinois, Eastern Division, federal judicial district. See 28 U.S.C. § 93(a) despite that some associated events occurred at different IDOC Facilities located in different judicial districts. See **CPL Inc. v. Fragchem Corp.**, 512 F.3d 389, 392 (7th Cir. 2008).

7. This Court has authority pursuant to 42 U.S.C. § 1983 to award

appropriate actual, consequential, compensatory, and punitive damages, and has authority under 28 U.S.C. § 1988 to award attorney fees and costs to successful civil rights litigants.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has filed (3)-Grievances regarding the nature of this Complaint, and Plaintiff has Exhausted all Administrative remedies made available to him on (2)-Grievances, the (3rd)-Emergency Grievance is a duplicate Grievance Complaint, but is currently pending at the Administrative Review Board. The First-Two Grievance Exhaustion requirements were met prior to bringing this 42 U.S.C. § 1983 Civil Rights lawsuit by Exhausting those remedies available to plaintiff within the meaning of the Prison Litigation Reform Act 42 U.S.C. § 1997(e)(a). (NOTE: The 3rd GRIEVANCE HAS BEEN EXHAUSTED WHILE DRAFTING THIS COMPLAINT See Paragraph 46).

9. The requirement for exhaustion of Plaintiff's administrative remedies are set forth in 20 Ill. Admin. Rule § 504.800-870. Generally, this [c]ode requires a prisoner to submit a formal written grievance complaining about a particular issue, get a decision on the merits, and then continue appealing that decision all the way up to a body called the Administrative Review Board." **Brown v. Pfister, 2021 WL 1722771, at** *6 (N.D. Ill. April 30, 2021). It is important to note that "[r]equiring administrative review does not foreclose a prisoner's ability to file suit, it merely creates a necessary precondition. The requirement is not designed to stop prisoners from filing suits, but rather to facilitate the litigation process. In particular, the development of the factual record which may help rather than hinder prisoners, enabling them to succinctly present their cases." **Smith v. Zachary,** 255 F.3d 446, 451 (7th

Cir. 2001). The Seventh Circuit has adopted the approaches set forth in the Eight and Fifth Circuits and held that an inmate must only exhaust the administrative remedies available to him and so these remendies are "exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable."' **Lewis v. Washington**, 300 F.3d 829, 833 (7th Cir. 2002)(citations omitted). The Seventh Circuit "refuse[d] to interpret the **PLRA** 'so narrowly as to...permit [Prison Officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances."' **Id.**; See also **Dole v. Chandler**, 438 F.3d 804, 809 (7th Cir. 2006)("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.")

10. The Statement of Claims/Allegations herein show that prison officials at Henry Hill Correctional Center made it impossible for Plaintiff to engage in the full administrative process and exploited the exhaustion requirement with an indefinite delay in violation of the two-month requirement for responses set forth in Illinois Admin. Rule § 504.830(d). Because of this, Plaintiff should be found to have exhausted his administrative requirements because a remedy through the administrative process was unavailable. LEWIS, 300 F.3d 829, at 833; see also **Gevas v. Shearing**, 2014 U.S. Dist. LEXIS 166929, at *11-*12 (S.D. Ill. Nov. 7, 2014)(holding the plaintiff is "correct in arguing that if the prison fails to respond to grievances, administrative remedies as to those grievances are unavailable" and denying Wexford's motion for summary

judgment on the issue of exhaustion); **Diggins v.** Coe, 2017 **WL 495552**, at *3 (S.D. Ill. Feb 7, 2017)(finding the plaintiff exhausted because the administrative process was rendered unavailable); **Reid v. Balota**, 962 F.3d 325 (7th Cir. 2020)(finding the plaintiff satisfied the exhaustion requirement since the plaintiff's regular grievance was never responded to and the emergency grievance response from the Administrative Review Board "suggested that no one was").

11. Alternatively, Plaintiff exhausted his Administrative remedies that were available to plaintiff, In that Two or the Three Grievances received findings by prison officials. When Grievances are decided on the merits, they are exhausted despite any procedural defects. **Glick v. Walker**, 2010 **WL 2775864**, (7th Cir. July 13, 2010)(finding that the plaintiff's grievance was decided on the merits); **Boyd v. Pfister**, 2020 **WL 6381367**, at *10 (N.D. Ill. Oct. 30, 2020)(finding both the prison officials and Administrative Review Board heard the plaintiff's complaints about pain and ruled against him which was sufficient to satisfy the exhaustion requirement.). Therefore, Plaintiff did in fact exhaust his administrative remedies by engaging in the IDOC grievance process and receiving determinations on the merits.

## PARTIES

12. Plaintiff, **JEFFREY HOLLINGSHEAD, (#M-42666)** is currently an inmate of the Sheridan Correctional Center at 4017 E. 2603 Road, Sheridan, Illinois 60551-9502. Plaintiff was Transferred to Sheridan Correctional Center from Henry Hill Correctional Center at 600 S. Linwood Road, P.O.

Box 1327, Galesburg, Illinois 61402, said Transfer occurred on July 28th, 2022.

13. At all times relevant, Defendant **WEXFORD HEALTH SOURCES, Inc. ("WEXFORD")** was engaged (By Contract) in the business of providing health care provider's and services to Correctional Facilities in the State of Illinois, including Henry Hill Correctional Center, and Sheridan Correctional Center where Plaintiff has been incarcerated at all relevant times herein. Wexford is being sued in its individual and official capacity.

14. At all times relevant, Defendant **KIM A. WYHTUB, RN**, was a "Registered Nurse", and an employee of "WEXFORD" at the Sheridan Correctional Center, Health Care Unit located at 4017 E. 2603 Road, Sheridan, Illinois 60551-0038, and is being sued in her individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

15. At all times relevant, Defendant **Dr. M. ZAHTZ, Medical Director** ("Dr. Zahtz"), was employed as the "Medical Director" at Sheridan Correctional Center, (Dr.Zahtz) was an employee of "WEXFORD" at the Sheridan Correctional Center, Heath Care Unit located at 4017 E. 2603 Road, Sheridan, Illinois 60551-0038, and is being sued in his individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

16. At all times relevant, Defendant **SHERWIN MILES, WARDEN** ("Warden Miles"), was an employee of the Illinois Department of Corrections, and employed as "Warden" of the Sheridan Correctional Center, located at

4017 E. 2603 Road, Sheridan, Illinois 60551-0038, and is being sued in her individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

17. At all times relevant, Defendant DR. **JONATHAN EK, Medical Director,** ("Dr. EK"), was formally employed as the "Medical Director" at Henry Hill Correctional Center, (Dr. EK) was an employee of "WEXFORD" at the Henry Hill Correctional Center, Health Care Unit located at 600 S. Linwood Road, P.O. Box 1327, Galesburg, Illinois 61402-1327 (309) 343-4212, and is being sued in his individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

18. At all times relevant, Defendant **DR. KURT OSMUNDSON, Medical Director**, ("Dr. Osmundson"), is currently employed as the "Medical Director" at Henry Hill Correctional Center, (Dr. Osmundson) was an employee of "WEXFORD" at the Henry Hill Correctional Center, Health Care Unit located at 600 S. Linwood Road, P.O. Box 1327, Galesburg, Illinois 61402-1327 (309) 343-4212, and is being sued in his individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

19. At all times relevant, Defendant **KASEY KRAMER, Nurse Practioner**, ("Nurse Kramer"), is currently employed as a "Nurse Practioner" at Henry Hill Correctional Center, (Nurse Kramer) was an employee of "WEXFORD" at the Henry Hill Correctional Center, Heath Care Unit located at 600 S. Linwood Road, P.O. Box 1327, Galesburg, Illinois 61402-1327 (309) 343-

4212, and is being sued in her individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

20. At all times relevant, Defendant **MS. SHINN, Nurse Practioner,** ("Nurse Shinn"), is currently employed as a "Nurse Practioner" at Henry Hill Correctional Center, (Nurse Shinn) was an employee of "WEXFORD" at the Henry Hill Correctional Center, Health Care Unit located at 600 S. Linwood Road, P.O. Box 1327, Galesburg, Illinois 61402-1327 (309) 343-4212, and is being sued in her individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

21. At all times relevant, Defendant **CHRISTINE BRANNON DORTCH, Warden,** ("Warden Dortch"), was an employee of the Illinois Department of Corrections, and employed as "Warden" of the Henry Hill Correctional Center, located at 600 S. Linwood Road, P.O. Box 1327, Galesburg, Illinois 61402-1327 (309) 343-4212, and is being sued in her individual capacity. During the events alleged in the Complaint, Defendant was acting under color of State law.

## STATEMENT OF CLAIMS/ALLEGATIONS

22. Prior to Plaintiff's incarceration in late 2005, Jeffrey Hollingshead, sustained a "Stomach Hernia" (Rupture) which required surgical intervention to repair. Said surgery left an approximate 14" inch scar on plaintiff's stomach, and a **"Hernia-Mesh"** was implanted during this surgical procedure, which was performed at St. Mary's Hospital at the West 2200 Block of Division Street, in Chicago, Illinois by (**"DR. HUQ"**).

23. In 2013, Plaintiff was placed in the custody of the Illinois Department of Corrections ("IDOC"), and was temporarily housed at the Stateville Correctional Centers ("NRC" Unit), until he could be Classified and properly transferred to the appropriate IDOC Facility.

24. Plaintiff was thereafter transferred to the Pinckneyville Correctional Center in January of 2014, and at some point during plaintiff's short incarceration at that facility, Plaintiff used the "Sickcall Request System, and was initially seen by Medical Personnel for his stomach Pains and cramps (Not knowing what was really wrong at that time). but noted that there was an obvious small bulge in his near center stomach area, in the exact same location as the Scar and prior Hernia were located. Medical staff stated it was just deeper-Scarring from the prior Surgery, and it appeared "Inflamed", which inflamation was causing the pain and discomfort, so they issued "Ibuprophen".

25. Plaintiff continued to receive Ibuprophen and other pain medication that was totally ineffective and failed to eliminate "Any" of the pain and discomfort, and as time went on, the bulge became larger and more Plaintiff began experiencing "Tearing" sensations and sharp pains, like he was being "cut on the inside" with each step, or when he would sit-up in bed.

26. Plaintiff was transferred to Henry Hill Correctional Center in October 2018, and began putting in Sick-Call Requests to see a Doctor because his condition was continuing to get worse, and the pain at times was 'unbearable', However, upon seeing the Medical Director, he again prescribed the same Medication. Plaintiff informed the Doctor that he

had been prescribed this exact medical treatment for the last 4-years, and it wasn't working, and that Plaintiff was in a great deal of pain, getting out of bed, walking, and even when plaintiff tried to walk to the Recreation Area, the Doctor stated that he had to take these steps first.

27. In 2019, Plaintiff again submitted Sickcall Requests at Hill Correctional Center to be seen for his obvious "Hernia" injury. A Nurse referred plaintiff to be seen by the Medical Director ("Dr. EK").

28. Upon being seen by (Dr. EK), Plaintiff advised him of his prior surgery in 2005, and that a "Hernia Mesh" had been implanted in this exact location where the Hernia is again "Ruptured", that the Bulge is continuing to get larger and cause more and more pain as time goes on and this is left untreated. (Dr. EK) asked plaintiff to lay down on the table and to pull his shirt up to expose the "Softball" sized bulge. (Dr. EK) then pushed down 'very hard' and forced the "Mass" to "Pop" (retract) back into plaintiff's abdomen. This caused plaintiff a 'very severe' bout of "Pain" in that moment, and for several hours afterwards (outside the pain he was already experiencing).

29. (Dr. EK) then stated that since the "Hernia" could be 'Reduced' and pushed back in, surgery wasn't needed. Plaintiff asked (Dr. Ek) that if this was a defective "Hernia Mesh" that had failed, shouldn't it be replaced or fixed?" (Dr. Ek) stated in a Callosity tone "That he wasn't going to ask for a sugery to remove anything they didn't have implanted" and again wrote out another prescription for the same medications plaintiff informed (Dr. Ek) didn't work, and did nothing for the pain.

30. (Dr. EK) then advised plaintiff "that he could not provide him with any further treatment unless the Hernia became "Non-reducible", and told plaintiff to "Return to his Housing Unit".

31. Plaintiff informed (Dr. EK) that he just prescribed the same course of treatment and medication that has 'repeatedly' been prescribed at Pincneyville and other IDOC Facilities, and it doesn't eliminate the extreme bouts of pain and suffering that plaintiff has been enduring now for 3-plus years and the Hernia is continuing to get worse and larger as time goes on, and that the "Hernia Mesh" that was implanted is continuing to tear wider and causing more intense sharper pain. (Dr. Ek) stated: "Wexfords Policy is if the Hernia can be pushed back in, and reducible, surgery will not be approved, We are Done here".

32. The Court should Note: That Plaintiff after leaving Pincneyville, was sent to Pontiac Correctional Center to serve (9)-Months of Segregation, and, while at Pontiac, Plaintiff requested to see the Medical Director for his Hernia Pain, but was never evaluated before his Transfer to Menard, and while at Menard for a few months, Plaintiff utilized the "Sick-Call" procedure, but when seen by the "Nurses", they would state that my Medical records reveal that I had already have been seen by the Medical Director in other Facilities, and that "Nothing can be done with the hernia because its reducable and can be pushed back in". Thus, Plaintiff was never allowed to see the Medical Director or other Doctor at Menard Correctional Center during plaintiff's short stay at that facility, at which point plaintiff was then transferred to Henry Hill Correctional Center in October 2018.

33. On October 24, 2021 plaintiff filed an "Emergency Grievance", (Grievance Number: 21-10-192-E at Hill Correctional Center) See: (EXHIBIT - 1), Defendant Warden Christine Brannon Dortch deemed it an "Emergency" on October 26, 2021, but then Denied the Grievance on December 1, 2021 without the plaintiff being seen by a physician or Medical Director since the filing of the Emergency Grievance. See: (EXHIBIT - 2). The plaintiff appealed to the Administrative Review Board (ARB) on 12-3-2021, and after 9-Months, the (ARB) failed to respond within the time-limitations of Departmental Rule 504, Thus making this stage of the Grievance Procedure "Unavailable".

34. On November 3, 2021, the plaintiff was examined by Hill Correctional Center/Nurse Practioner Kasey Kramer, in regards to his Stomach Hernia injury after he requested Medical Treatment via "Sick-Call Request", The plaintiff explained to Nurse Kramer that he was suffering Pain daily, at which point Nurse Kramer commented that it was "Pretty Obvious and Large"., plaintiff continued to describe that he was suffering "Sharp Pains", and that it hurt "Essentially all the time when he moves, walks, use's the toilet, turns in bed, gets out of bed, bends over, or goes to stand up or sit down, sharp pains occur". Plaintiff further explained that he had a prior surgery in the exact same spot and a "Hernia Mesh" was implanted by an outside Hospital prior to his incarceration, and that the Hernia-Mesh seems to be failing and tearing wider as time goes on causing more pain", further plaintiff explained that the injury was causing severe headaches and anxiety, because Outside Physicians were advising his family that the Hernia Mesh being installed by St. Mary's in 2005 were a common defective brand, and that pieces could break-off and cause further damage and even

death, and that plaintiff "Should immediately see a Doctor to have the Hernia-Mesh 'removed or replaced'". Plaintiff also advised Nurse Kramer that he had also been noticing 'blood' in his stool after experiencing these frequent episodes of 'sharp pains'. Nurse Kramer then stated: "It appears that the hernia is still reducible, and the Medical Directors had previously concluded that if it's reducible, surgery is not required. Nurse Kramer then "Instructed" plaintiff to "Drink more water, Sleep on his side which should help with the pain" Nurse Kramer the prescribed "Fiber Tablets" to soften the stool, and "Ibuprophen" for pain, and told plaintiff to put in another "Sick-Call Request" if the pain got worse. Plaintiff advised Nurse Kramer "That this is the exact same ineffective treatment that has been 'repeatedly' prescribed that continously hasn't worked, and the Hernia continues to get larger and hurts even worse as time goes on". Nurse Kramer stated: "There is nothing else I can do". Plaintiff then told Nurse Kramer that he couldn't Exercize or or even walk but a short distance to maintain his health, Nurse Kramer responded "Don't work out at all, it will only get worse".

35. Plaintiff continued to experience the same extreme-levels of pain on a daily basis, just walking a minimal distance, like to the chow hall, shower, Day room, getting in or out of bed, or turning in his sleep would cause severe bouts of severe pain. Plaintiff couldn't sleep but one or two hours at a time before Severe pain would wake him. After a few months of non-effectual treatment, Plaintiff 'felt' his rupture 'tear' even wider, the Hernia-mesh obviously failing as the tear widened, and the pain and situation had worsened to an unbearable state, so Plaintiff put in

another "Sick-Call Request", and plaintiff filed a "Second-Grievance" on November 5, 2021, just 2-days after seeing Nurse Kramer. See: (EXHIBIT - 3) regarding Nurse Kramer and the persistent ineffectual course of medical treatment and the unnecessary delay in providing adequate medical care to an objectively serious medical condition that was life threatening.

36. On Monday, December 27, 2021 plaintiff spoke to his Housing Unit Counselor (name unknown) and asked if they could check on the 'Status' of his November 5, 2021 Grievance. The Counselor stated because it was a Medical-Grievance, that they would inquire with the Health Care Unit Administrator about the Status of the Grievance.

37. After 20-days and not hearing back from the Counselor, Plaintiff wrote the Counselor again on January 17, 2022 (As a reminder) through Clinical Services. See: (EXHIBIT 3-A) Plaintiff Attached a Type-written letter to the Formal Request to Clinical Services, explaining that a response to the Grievance filed on 11/5/2021 was over-due, and to please check on the status of the Grievance. See: (EXHIBIT 3-B).

38. On February 7th, 2022 Plaintiff wrote Warden Christine Brannon Dortch of Hill Correctional Center, and requested that she find out the Status of the November 5, 2021 Medical Grievance since the Counselor wouldn't respond to written Requests, because plaintiff was experiencing extreme excruciating pain, and that plaintiff couldn't walk, sleep, exercise or do anything without causing more pain. See:(EXHIBIT 3-C).

39. Plaintiff continued to put in "Sick-Call Requests" that were ignored by medical staff until July 13, 2022, when plaintiff was seen by "Nurse Practioner Shinn". Plaintiff explained to defendant Shinn that his Hernia, was in the exact same place as the previous Hernia repaired prior to his incarceration at St. Mary's Hospital, and that they implanted a "Hernia-Mesh" that was apparently defective, and ruptured/failed, and that plaintiff could 'feel' the 'tearing' of the mesh or what it was attached to, and it has continually caused severe pain since the injury 're-appeared', and has continually gotten worse as time goes on. Plaintiff further explained that the pain from the Hernia interfeared with his sleep, and that he often has blood in his stools, and that it has caused plaintiff 'Stress' and 'physical headaches' due to the anxiety, and has affected his daily, normal life's activities, like walking to the dining room, prevented plaintiff from all recreational yard activities, such as physical excercise, walking, running, lifting weights, working, or lifting any object or bending over, or reaching for something above the shoulders caused severe pains. Further, plaintiff explained that it tore further open, allowing the Hernia to appear the size of a Soft-Ball to bulge out of plaintiff's stomach, and that it now continually hurt all the time, and frequently the pain would become unbearable to the point plaintiff couldn't even move for fear of the pain getting worse.

40. (Defendant Shinn) advised plaintiff that his Stomach Hernia may need surgery in the future, but right now, it did not qualify under Wexford's Policy, because it could still be pushed back in and was considered under

Wexford's current Policy to be "Reducible". Defendant Shinn then prescribed the same ineffective course of medical treatment that both (Defendant EK) and (Defendant Kramer) had prescribed. Plaintiff advised (Defendant Shinn) that prescribing "Ibuprophen", "Fiber Tablets" and a"Hernia Belt" permit, did absolutely nothing for the pain, and it has continued not to work. Defendant Shinn responded "That her Supervisor (Medical Diractor Dr. Osmundson) has advised all of the Medical Provider's at the Health Care Unit under his Supervision that they are to utilize conservative medical treatments to individuals in custody who frequently complain about "reducible hernia's" as it is Wexford's Policy, that if the Hernia can be pushed back in, Surgery wasn't necessary at that time, andunless the Hernia became 'strangulated', there was nothing more she could do. Defendant Ms. Shinn then stated that plaintiff should know by his prior grievances, that he can't get past Wexford's Hernia Policy, and that Plaintiff would just have to live with it". Plaintiff advised Defendant Shinn, that he was filing another Grievance, because they keep persisting in a course of treatment that they know isn't working and does nothing for the pain.

41. Plaintiff continued to make verbal complaints to all medical staff members he had contact with at Hill Correctional Center after his July 13, 2022 Review by (Defendant Ms. Shinn), Plaintiff demanded to obtain a copy of Wexford's Police regarding Hernia's, However, Plaintiff was advised by Staff to pack his property as he was being Transferred again to a different Prison factility, and when asking "Why" he was being transferred, staff stated it was "Because you make to many complaints, and file too many Grievances".

42. On July 28, 2022 Plaintiff was transferred to Sheridan Correctional Center, and during the Orientation (Medical Review) Plaintiff was seen by(Kim A. Wyhtub, RN) (Spelling assumed to be correct)See: (EXHIBIT - 7), Plaintiff Explained to Nurse Wyhtub, that plaintiff was suffering in a great deal of pain daily from a "Hernia Rupture", in the exact location where a Hernia Mesh was installed and apparently failed, and that plaintiff can't walk as fast as others at a normal pace, it creates severe sharp pain, like the Mesh is cutting plaintiff on the inside. Nurse Wyhtub, issued plaintiff a (30)-day low bunk, slow walk and Low Gallery "Special Orders" Permit. See: (EXHIBIT - 7), and stated that plaintiff would be scheduled to see the Medical Director (Dr. M. Zahtz) within 2-weeks for the Hernia Pain.

43. On August 4, 2022 the pain was so intense, plaintiff filed an "Emergency Grievance" to Warden "Sherwin Miles". See: (EXHIBIT - 4), In which Warden Miles deemed it an "Emergency" on August 5, 2022.. See: (EXHIBIT - 4). The Grievance was based on the fact that Medical Personnel were being persistent in a course of treatment that they knew was not working and didn't do anything for the constant and continous pain that plaintiff was suffering.(Grievance Number: #8052208)

44. After (30)-days of not being seen by the Medical Director as previously scheduled by defendant (Wyhtub) on July 28, 2022, Plaintiff put in further "Sick-Call Requests".

45. On September 2, 2022 "Without" addressing the "Basis of the "Emergency Grievance" that the Physicians and other Health Care providers

continue to persue a persistent course of medical treatment that they know is not working and fails to eliminate any pain, and "Without being seen by a Medical Director at Sheridan Correctional Center, Warden Miles "Denied" the "Emergency Grievance". See: (EXHIBIT - 5), The Plaintiff appealed the denial to the Administrative Review Board on September 6, 2022.

46. The Administrative Review Board "Denied" Grievance Number (8052208) on September 14, 2022. (Fully Exhausting the Grievance Procedure) See: (EXHIBIT(S) 8 and 9). The Administrative Review Board 'Denied' the Grievance, and stated "This office finds the issue was appropriately addressed by the facility Administration "Per HCUA Grennan at Sheridan, grievant has been and is being treated" as the basis of the denial. And, further alleged that plaintiff is not taking his medication. (Which is a totally false finding and Statement) as plaintiff has, and continues to be prescribed and issued "Ibuprophen", which has and continues to be ineffective in eliminating the pain.

47. The Plaintiff 'currently' experiences pain each time he moves, especially when he try's to sleep. Each time plaintiff 'sits up' or attempts to stand he has severe sharp pains, When Plaintiff walks for any length of time or distance he has a bout of sharp pains that 'require' plaintiff to lay in a prone position for two to three hours before the pain subsides. The pain progresses the longer plaintiff is on his feet. The simple acts of "getting dressed", "lifting his Breakfast, Lunch or Dinner trays" or lifting his arms to put on a T-Shirt or Coat apply's pressure on the Hernia and causes severe sharp pain to ensue. When "Showering" or "using the Toilet", various movements will cause severe sharp pain. Plaintiff

often will forego attending his scheduled meals or outdoor exercise/yard periods because he has to endure to much pain and aggravation to even make the trip. Plaintiff further describes his various pain(s) as "gastric sharp stomach pain", which comes from behind the lump when it's protruding. At other times as the mass slips through or back into the ruptured stomach area, the plaintiff will have lingering 'sharp excruciating pain' for several hours, which causes plaintiff to double-over and lay in a 'fetis-position' until the pain subsides, afterwards it has become common to see and observe 'blood' in his stools.

48. The plaintiff has been 'refused' effective and adequate medical treatment because Wexford Health Sources, Inc. has a 'Policy' in place that allows only for strict conservative medical treatment of "Hernia-related complaints", regardless of an individuals complaints of "Pain".

49. Wexford Health Sources, Inc. has "Instructed" their Employee's (Physicians) and other Heath Care Providers to deem "ALL" Stomach Hernia's "Reducible" (i.e. meaning that the Softball size hernia mass can be 'pushed' back through the stomach's ruptured area manually) to not require Surgery. and thus, deny effective medical treatment to eliminate the "Pain" and obvious "Objectively Serious Medical Condition".

50. Defendant(s) have 'routinely' ignored the fact that plaintiff had a prior surgery, and that his objectively serious medical condition may be the result of a "Defective Hernia Mesh", that require's Surgery, and left 'untreated' is potentially "Life-Threatening", and poses a substantial risk of harm to plaintiff.

51. Plaintiff asserts that he has an objectively serious Medical Condition, and that, the long-lasting effects of the persistent course of medical treatment is ineffective and that Defendant(s) know is not working, which amounts to "non-treatment" and impacts plaintiff's normal daily activities as previously described, and Defendant(s) "Actually knew of and have disregarded the substantial risk of harm" which has continually "Worsened" with more damage to plaintiff as the injury and pain "exacerbate", and further, the "pain" has been "Unnecessarily prolonged" by the "unreasonable delay" in providing "effective corrective Medical Treatment". Further, Defendant(s) "refusal" to address plaintiff's "consistent and exacerbated pain", and the fact that his medical condition and pain is continually worsening is due to a 'potentially defective Hernia Mesh', and of which support plaintiff's inference that plaintiff has an objectively serious Mediacl Condition.

## CONSTITUTIONAL CLAIMS

(COUNT - I)

**Deliberate Indifference: Defendants WEXFORD; Dr. Jonathan EK; Dr. Kurt Osmundson; Kasey Kramer; Ms. Shinn and Christine Brannon Dortch.**

52. Plaintiff (Incorporates) Paragraph(s) 22 through 51 as if fully set forth herein, and made a part hereof as to Count-I.

53. Each of Defendants WEXFORD, Dr. Jonathan EK, Dr. Kurt Osmundson, Kasey Kramer, Ms. Shinn and Christine Brannon Dortch violated Plaintiff's 8th Amendment right when they failed to provide plaintiff with adequate medical treatment and persisted in a course of medical treatment that they knew was not working to treat the injury or eliminate the pain, and allowed

plaintiff's Hernia Injury and pain to "Exacerbate", where Defendant(s) knew of and have disregarded this substantial risk of harm to plaintiff.

54. Each of the above named Defendant(s)"Knew" that they were persisting in a course of medical treatment that was ineffective, and based upon WEXFORDS "Policy" erroneously and unnecessarily "Delayed" effective medical treatment, and allowed the "Injury" to continually "Worsen" and cause further 'damage' and 'pain' to plaintiff .

55. Each of the above named Defendants "knew" that plaintiff had an objectively serious medical condition or an urgent medical condition that would be exacerbated by delay, and Defendant(s) provided medical care that was so "cursory" and "ineffective" that it amounted to "no treatment at all", and willfully disregarded plaintiff's objectively serious medical condition when the need for treatment was 'obvious' and amounted to mistreatment.

(COUNT - II)

Deliberate Indifference: Defendants WEXFORD; Kim A. Wyhtub; Dr. M. Zahtz; and Sherwin Miles.

56. Plaintiff (Incorporates) Paragraph(s) 22 through 51 as if fully set forth herein, and made a part hereof as to Count -II.

57. Each of Defendants WEXFORD, Kim A. Wyhtub, Dr. M. Zahtz and Sherwin Miles violated Plaintiff's 8th Amendment right when they failed to provide plaintiff with adequate medical treatment and persisted in a

course of medical treatment that they 'knew' was not working to treat the injury or eliminate the pain, and are allowing plaintiff's Hernia Injury and pain to "Exacerbate", where Defendant(s) knew of and have continued to disregard the substantial risk of harm to plaintiff.

58. Each of the above named Defendant(s) "knew" that they were persisting in a course of medical treatment that is ineffective, and based upon WEXFORD'S "Policy" are erroneously and unnecessarily "Delaying" effective medical treatment, and allowing the "Injury" to continually "Worsen" and cause further harm, damage and pain to plaintiff.

59. Each of the above named Defendant(s) "Knew" that plaintiff had an objectively serious medical condition or an urgent medical condition that will be exacerbated by delay, and Defendant(s) have provided medical care that is so "Cursory" and "Ineffective" that it amounts to "no treatment at all" and willfully disregarded plaintiff's objectively serious medical condition when the need for immediate treatment is 'obvious', which amounts to intentional mistreatment.

(COUNT - III)

**Deliberate Indifference: Defendants Christine Brannon Dortch and Sherwin Miles.**

60. Plaintiff (Incorporates) Paragraph(s) 22 through 51 as if fully set forth herein, and made a part hereof as to Count-III.

61. Each of Defendant(s) Christine Brannon Dortch and Sherwin Miles

violated Plaintiff's 8th Amendment right when they 'deemed' plaintiff's "Emergency Grievances" an "Emergency", which gave them "knowledge" of the fact that plaintiff was being denied effective medical treatment, and that the Health Care Provider's were "persistent in a course of medical treatment that was ineffective" and that plaintiff's objectively serious medical condition was 'exacerbating' due to the unnecessary delay in effective corrective medical treatment. And then, both 'knowingly and willfully denied the grievance "Without" plaintiff being seen by "ANY" Health Care provider. Both defendants 'knew' that plaintiff was suffering in "Pain" and both defendant 'knew' that the "Hernia Injury" was "enlarging" and/or worsening, and that plaintiff's rupture was tearing "wider" and "wider" with the "delay" in effective medical treatment.

62. Defendant(s) (Dortch) and (Miles) both had direct and personal knowledge by plaintiff's communcation directly with each defendant regarding the unnecessary delay in effective medical treatment regarding plaintiff's Hernia Injury,and each 'knew' plaintiff was suffering in 'severe pain'.

63. Defendants are "responsible" for the 'custody, care and control' of of all Inmates in their respective facility, which includes the 'responsibility' to ensure that Inmates under their supervision receive adequate and necessary medical care and treatment. Further each defendant is "responsible" for the implementation, oversight and supervision of practices and policies being implemented in their Heath Care Units, and to insure that the Health Care Providers under their Supervision provide reasonable Health Care to inmates in their custody.

(COUNT - IV)

**Retaliation: Defendants Christine Brannon Dortch; Ms. Shinn; KASEY KRAMER; Dr. Kurt Osmundson; and, Dr. Jonathan EK.**

64. Plaintiff (Incorporates) Paragraph(s) 22 through 63 as if fully set forth herein, and made a part hereof as to Count - IV.

65. Based upon "circumstantial evidence", one or more of the above named Defendant(s) Christine Brannon Dortch; Ms. Shinn, Kasey Kramer, Dr. Kurt Osmundson and/or Dr. Jonathan EK 'Retaliated' against plaintiff and 'caused a retalitory transfer of plaintiff to another corrections facility to be effected "Due to" plaintiff "Making to many Complaints, and filing too many Grievances". (Paragraph(s) 39 through 41 herein).

66. One or more of the above named Defendant(s) in(Paragraph 65) violated plaintiff's First Amendment right individually or together by "Retaliating" against plaintiff due to "Making too many Complaints, and filing too many Grievances" regarding his Objectively serious Medical condition, which were the 'only issue Complained about and the only issues Grievances were filed against At Henry Hill Correctional Center.

(COUNT - V)

**Failure to Intervene: Defendants Christine Brannon Dortch and Sherwin Miles.**

67. Plaintiff (Incorporates) Paragraph(s) 22 through 66 as if fully set forth herein and made a part hereof as to Count-V.

68. Each named Defendant Christine Brannon Dortch and Sherwin Miles had a reasonable opportunity to prevent the violation of plaintiff's

constitutional rights, had they been so inclined. Specifically when each named defendant "Deemed" plaintiff's Grievances "An Emergency", but then 'denied' those same "Emergency Grievances" Without plaintiff ever being seen by a "Health Care Provider" (Since the day the Emergency Grievances were filed), thus, allowing the other named Defendant(s) under their direct Supervision to "continue" with providing the plaintiff the "Same persistent course of medical treatment that they 'knew' was ineffective, and failed to eliminate any pain, and allowed the plaintiff's Hernia Injury to "Exacerbate" and "Worsen" due to the unnecessary 'delay' in effective corrective medical treatment. Defendant(s) (Dortch) and (Miles) had a realistic opportunity to prevent the other named defendant's from providing inadequate and unreasonable medical care, and to prevent them from the unnecessary "Delay" in effective medical treatment to stop plaintiff from unnecessarily suffering pain, and allowing the Hernia Injury to "Exacerbate" and "Worsen".

(COUNT - VI)

Deliberate Indifference: WEXFORD HEALTH SOURCES, INC.

69. Plaintiff (Incorporates) Paragraph(s) 22 through 68 as if fully set forth herein and made a part hereof as to Count-VI.

70. Defendant Wexford Health Sources, Inc., "deliberately delayed and/or deliberately denied medical care necessary to alleviate the obvious severe pain and suffering caused by plaintiff's Hernia Injury, and allowed the Injury and Pain to "Exacerbate" and "worsen". The "Exacerbating" and "Worsening" of plaintiff's Injury and Pain was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs.

71. Defendant Wexford Health Sources, Inc., has an express policy, practice and custom to inform its employee's that when evaluating Inmate's "Hernia Injuries" (Regardless of the pain inmate's are suffering), that if a Hernia can be 'pushed' back in the "Rupture", then surgery is not required". This express policy, practice and custom causes a constitutional deprivation when enforced, and violates the 8th Amendment of the U.S. Constitution.

## STATE LAW CLAIMS

(COUNT - VII)

Intentional Infliction of Emotional Distress: (ALL DEFENDANTS).

72. Plaintiff (Incorporates) Paragraph(s) 22 through 71 as if fully set forth herein and made a part hereof as to COUNT-VII, Including (EXHIBITS 1 through 9) Attached hereto.

73. Defendant(s), and each of them, 'knew' that plaintiff was not malingering and was 'constantly' in "Severe Pain" which was "Exacerbating" and "Worsening" due to the unnecessary 'delay' in effective corrective medical treatment, but, nonetheless "provided no immediate respite" and continued with the "same persistent course of ineffective medical treatment that each defendant 'knew' was ineffective and failed to eliminate any 'pain' or effectively treat the injury, and allowed the plaintiff's Hernia Injury and pain to 'exacerbate' and worsen due to the 'delay' in effective corrective medical treatment which caused plaintiff to suffer 'emotional distress' that is actionable under Illinois Law. Defendant(s) 'knew' as the plaintiff had described the 'emotional distress' to each named

Defendant that he was enduring 'emotional distress' caused by the ineffective medical treatment as his condition worsened. Defendants were aware that there was a high probability that defendant's continued course of conduct would cause further severe emotional distress, and as noted in the attached (Exhibits 1 through 9) severe emotional distress actually resulted.

## RELIEF REQUESTED

(A). Issue a declaratory judgment that Wexford Health Sources, Inc., Kim A. Wyhtub, Dr. M. Zahtz, Dr. Jonathan EK, Dr. Kurt Osnumdson, Sherwin Miles, Kasey Kramer, Ms. Shinn, and Christine Brannon Dortch's failure to provide effective medical treatment and 'knowingly persisted in a course of medical treatment that they 'knew' wasn't working' and that failed to eliminate any 'pain', and 'knew' that the "Delay" in effective corrective medical treatment would cause the plaintiff's Hernia Injury to "Exacerbate" and "Worsen" from "Pro-longed Delay" and cause plaintiff to suffer additional and worse 'pain by the delay of adequate medical treatment which violated plaintiff's rights under the 8th Amendment to the U.S. Constitution and constitutes deliberate indifference by each of these named defendants to plaintiff's objectively serious medical needs;

(B). Issue a declaratory judgment that Defendants Christine Brannon Dortch and Sherwin Miles due to their failure to Intervene when they had a reasonable opportunity to prevent the other named defendants from continuing to violate plaintiff's 8th Amendment rights to the U.S. Constitution which constitutes deliberate indifference to plaintiff's objectively serious medical needs;

(C). Issue a declaratory judgment that Wexford Health Sources, Inc.,

has an express policy, practice, or custom of informing it's employee's that when evaluating Inmate's Hernia Injuries (Regardless of the pain Inmate's are suffering), that if a "Hernia" can be "Pushed" (Back in) the "Rupture", then surgery is not required, and that this express policy, practice, and custom causes a constitutional deprivation and violates plaintiff's 8th Amendment rights to the U.S. Constitution when enforced by Wexford employee's;

(D). Issue a declaratory Judgment that Defendant(s) violated State Law by the Intentional Infliction of Emotional Distress to plaintiff;

(E) Grant an Order (i) enjoining Wexford and the other named Defendant(s) from further depriving Plaintiff of his Constitutional rights; (ii) requiring Wexford to immediately arrange for the Plaintiff to receive effective corrective Medical treatment for his Hernia Injury, and (iii) require Wexford to set a timely date certain for Plaintiff to undergo an offsite evaluation and surgery if deemed appropriate by accepted medical judgment, practice, or standard based upon plaintiff's current medical condition;

(F) Award compensatory damages as to each Defendant;

(G). Award punitive damages as to each Defendant;

(H). Award any other damages that the Court may deem appropriate;

(I). Appoint Counsel, and Award Plaintiff his costs and reasonable attorney's fee's pursuant to 42 U.S.C. § 1988;

(J). Grant a Preliminary Injunction and such other relief as it may appear that Plaintiff is entitled.

(K). The Plaintiff demands that the case be tried by a Jury.

RESPECTFULLY SUBMITTED,

JEFFREY HOLLINGSHEAD #M-42666
Sheridan Correctional Center
4017 East 2603 Road
Sheridan, Illinois 60551-9502

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 1st day of November, 2022.

(Signature of Plaintiff)

JEFFREY HOLLINGSHEAD #M-42666
Sheridan Correctional Center
4017 East 2603 Road
Sheridan, Illinois 60551-9502

Assigned Grievance # Institution: ______ Housing Unit: ______ Bed #: ______

1st Level: ______

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

2nd Level: ______

| Date: 10.24.21 | Offender (please print): Hollingshead Jeffrey | ID #: M-42666 | Race (optional): W |
|---|---|---|---|
| Present Facility: Hill C.C. | | Facility where grievance issue occurred: Hill. C.C | |

**Nature of grievance:**

- ☐ Personal Property ☐ Mail Handling ☒ Medical Treatment ☐ ADA Disability Accommodation
- ☐ Staff Conduct ☐ Dietary ☐ HIPAA ☐ Restoration of Sentence Credit
- ☐ Transfer Denial by Facility ☐ Other (specify): ______
- ☐ Disciplinary Report 10-25-21 (Date of report) Hill. C.C (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if **EMERGENCY** grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I Been ASKing for medical Treatment for A Hernia, I Keep Puting in To Health care But Thay will Not Help me. Im in Pain Every Day from This Hernia. ITs Not geting Eny Better Thay gave me A Hernia Belt I Cant Sleep use The Toilet, To much pain All The Time

☐ Continued on reverse

**Relief Requested:**

I Need my Hernia fixed. ~~Pain and suffering~~ And Pain and Suffering

☒ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is **NOT** an emergency grievance.

[signature] Offender's Signature — M-42666 ID# — 10-24-21 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable) Date Received: ______ ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Print Counselor's Name — Sign Counselor's Name — Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:** Date Received: 10/26/21

Is this determined to be of an emergency nature:

☒ Yes, expedite emergency grievance

☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedures

EXHIBIT - 1

[signature] Chief Administrative Officer's Signature — 10/26/21 Date

ID51

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

**Grievance Officer's Report**

**Date Received:** 10/27/2021 **Date of Review:** 11/29/2021 **Grievance #** (optional): 21-10-192E

**Offender:** Hollingshead, Jeff **ID#:** M42666

**Nature of Grievance:**

Individual in Custody states he's been asking for a hernia treatment and health care is not helping him and he's not getting any better. Wants his hernia fixed.

**Facts Reviewed:**

Per HCUA Boone: "Seen by NSC on 10/25/21 and referred to provider. Seen by provider on 11/3/21."

**Recommendation:**

Grievance denied.

Jason C. Garza, Correctional Counselor II/Grievance Officer
Print Grievance Officer's Name

Jason C. Garza Digitally signed by Jason C. Garza Date: 2021.11.29 14:09:50 -06'00'
Grievance Officer's Signature

**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

**Chief Administrative Officer's Response**

**Date Received:** 12/1/21 ☑ I concur ☐ I do not concur ☐ Remand

**Action Taken:**

[signature] 12/1/21
Chief Administrative Officer's Signature Date

**Offender's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)**

[signature] M-42666 12-3-21
Offender's Signature ID# Date

EXHIBIT - 2



Printed on Recycled Paper

Administrative, Review Board

from
Jeff Hollingsh
M-42666

I filed A Grievance on, 10-24-21. for medical Treament on my Hernia. I went To See Nurse Kasey Kramer on Now. 3. 2021 Requesting A operation for my Hernia. As I Told Nurse Kasey Kramer, Im in A Great Deal of Pain Every Day. And Every Night. on Now. 3, 21 Nure Praccino Kasey Kramer told me. Noting we can Do unless your Hernia comes out and we can't Push IT Back In, She Put me on Pain meds And order me A medical Hernia Belt, But I Told Nurse Kasey Kramer, IT Hurt To use The Toilet, Becuse Im in so much Pain, I Told Nurse Kasey Kramer. I Have A Hard Time Sleeping. She Told me To, sleep on my Side, And To Drink more water, Nurse Kase Kramer Also Told me Not To Work out AT All,, I Have A Serious medical Need I Told Nure Kase Kramer Im in chronic Pain All The Time But Nure Kasey Kramer will Not Help me -

G.O. Gazal Has Issued A one Line. Reponse, To my Grievance which Demonstrates His outer Disregard for The severity of The Horrific Ailment that I Am suffering

Assigned Grievance #/Institution: HILL CORRECTIONAL CENTER — Housing Unit: R-1-D — Bed #: 51

1st Lvl rec: — 2nd Lvl rec:

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| Date: 11/5/21 | Offender (please print): JEFFREY HOLLINGSHEAD | ID #: M-42666 | Race (optional): WHITE |
|---|---|---|---|
| Present Facility: HILL CORRECTIONAL CENTER | | Facility where grievance issue occurred: HILL CORRECTIONAL CENTER | |

**Nature of grievance:**

- ☐ Personal Property
- ☐ Mail Handling
- ☒ Medical Treatment
- ☐ ADA Disability Accommodation
- ☒ Staff Conduct
- ☐ Dietary
- ☐ HIPAA
- ☐ Restoration of Sentence Credit
- ☐ Transfer Denial by Facility
- ☐ Other (specify):
- ☐ Disciplinary Report — Date of report — Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if **EMERGENCY** grievance
**Mail to Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I AM FILING THIS GRIEVANCE ON NURSE MS. KASEY KRAMER
FOR DENYING ME SERIOUS MEDICAL NEEDS ON
NOV. 3, 2021 FOR A "HERNIA" I HAVE BEEN TRYING TO GET
A OUTSIDE HOSPITAL OPERATION ON SINCE I CAME INTO
THE ILLINOIS DEPARTMENT OF CORRECTIONAL CENTER ON OCTOBER 2013.
HILL CORRECTIONAL CENTER "HEALTH CARE SYSTEM AND ENVIRONMENTAL
CONDITIONS AND PRACTICES AT HILL CORRECTIONAL CENTER

☐ Continued on reverse

**Relief Requested:** I AM ASKING THAT WARDEN CHRISTINE BRANNON DORTCH ORDER THE HILL CORRECTIONAL CENTER DOCTOR TO SEND ME OUTSIDE TO GET A OPERATION ON MY HERNIA BECAUSE IT IS LIFE AND DEATH MATTER!
I AM ASKING TO BE AWARDED ONE MILLION DOLLARS FROM THE
ILLINOIS DEPARTMENT OF CORRECTIONS MONEY DAMAGES
FOR 8 LONG YEARS MENTAL EMOTIONAL SUFFERING WITH MY "HERNIA" CONDTION

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
☑ Check if this is **NOT** an emergency grievance. (Told to file Regular Grievance, as emergency Grievance is ineffective)

[signature] Offender's Signature — M 42666 ID# — 11-5-21 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable) Date Received: ______ ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Print Counselor's Name — Sign Counselor's Name — Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: ______

EXHIBIT - 3

Is this determined to be of an emergency nature:

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievai

Chief Administrative Officer's Signature — Date

Assigned Grievance #/Institution: HILL CORRECTIONAL CENTER Housing Unit: R-1-D- Bed #: 51

1st Lvl rec: ILLINOIS DEPARTMENT OF CORRECTIONS **Offender's Grievance** 2nd Lvl rec:

VIOLATED EIGHTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION IN THAT. THEY LED TO UN-NECESSARY SUFFERING OF PRISONER JEFF HOLLINGSHEAD WHO ARE NOW DYING IN PRISON,

IN THE LIGHT OF DELIBERATE INDIFFERENCES AND MISAD-MINISTRATION OF PRISON OFFICIALS WHICH ARE SO GROSS AS TO BE DEEMED WILFUL,

THE HILL CORRECTIONAL CENTER NURSES AND DOCTORS REALLY ENJOINED IN REFUSING TO SEND PRISONER JEFF HOLLINGSHEAD TO OUTSIDE HOSPITAL TO A OPERATION ON HIS "HERNIA [redacted]"!

STATEMENT OF FACTS

I,JEFF HOLLINGSHEAD WENT TO THE HOSPITAL ON THE NOV. 3, 2021, REQUESTING TO GET OUTSIDE HOSPITAL OPERATION FOR MY "HERNIA [redacted]" BECAUSE I AM IN A GREAT DEAL OF PAINS EVERYDAY AND EVERY NIGTH, I DO NOT WANT TO DIE IN PRISON. I ONLY GOT FIVE YEARS LEFT ON MY SENTENCE, " ON THE NOV. 3-2021, NURSE KASEY KRAMER" SAW ME FOR ME AT "SICK CALL" NURSE PRACLINE KASEY KRAMER" TOLD ME NOTHING WE CAN DO UNLESS YOUR HERNIA COMES OUT. NURSE KASEY KRAMER TOLD ME AS LONG AS YOU CAN KEEP PUSHING YOUR BACK IN YOU WILL BE [redacted] Alright, I AM GOING TO PUT YOU ON SOME PAIN MEDICATION, AND ORDER YOU A MEDICAL HERNIA BELT MR.HOLLINGSHEAD!

I TOLD NURSE KASEY KRAMER I CAN NOT USE TOILET BECAUSE I AM IN SO MUCH PAIN!

I TOLD NURSE KASEY KRAMER I AM HAVING A HARD TIME SLEEPING, SHE TOLD ME TO TRY TO SLEEP ON MY SIDE, SHE TOLD ME TO DRINK A LOT OF WATER! SHE TOLD ME DO NOT WORK OUT AT ALL!

SEE: GREENO V. DALEY, 414 F. 3d 645, 652-53(7TH CIR. 2005).

PRISON OFFICIALS ACTED WITH A SUFFICIENTLY CULPABLE STATE OF MIND!

SEE: ESTELLA V. GAMBLE ,429 U.S. 97 (1976)

SERIOUS MEDICAL NEED

UNDER THE EIGHTH AMENDMENT, YOU ARE ONLY ENTITLED TO MEDICAL CARE FOR "SERIOUS MEDICAL NEEDS"

I, JEFF HOLLINGSHEAD DO HAVE SERIOUS MEDICAL NEED" FOR A OUTSIDE HOSPITAL OPERATION ON MY"HERNIA [redacted]

I AM DYING IN PRISON RIGHT NOW!

I HAVE BEEN IN CHRONIC SERIOUS PAIN FOR 8 YEARS IN PRISON!

CC: GOVERNOR J.B. PRITZKER 207 STATE HOUSE
SPRINGFIELD, IL 62706

CC: DIRECTOR ROB JEFFREYS ILLINOIS DEPARTMENT OF CORRECTIONS
1301 CONCORDIA COURT P.O. BOX-19277
SPRINGFIELD, IL 62794-9277

CC: JOE BIDEN UNITED STATES PRESIDENT 1600 PENNSYLVANIA AVE.
N.W. WASHINGTON , DC 20500

CC: REV. AL-SHARTON PRESIDENT-FOUNDER NATIONAL ACTION NETWORK
106 WEST 1[illegible] TH STREET NEW YORK, NY 10029

CC: LAW OFFICE JENNER & BLOCK ONE IBM PLAZA CHICAGO, IL 60611
LAWSUIT DEPARTMENT

THE ILLINOIS DEPARTMENT OF CORRECTIONS DIRECTOR ROB JEFFERYS ARE PAYING FOR MALE HOMOSEXUAL PRISONERS TO GET MEDICAL SEX OPERATIONS TO BE TRANSFER TO LOGAN CORRECTIONAL CENTER FEMALES PRISON! BUT THIS SAME ILLINOIS DEPARTMENT OF CORRECTIONS SYSTEM WILL NOT PAY FOR ME TO GET MEDICAL OPERATION FOR MY HERNIA! I AM DYING IN PRISON.

ILLINOIS DEPARTMENT OF CORRECTIONS

**Individual in Custody Request**

Individual in Custody Name: JEFFREY HOLLINGSHEAD ID #M-42666 Living Unit: R-1-D-51

Job Assignment: N/A Shift: N/A

**Please refer to the directory located in your orientation manual and address proper personnel.**

To: ☒ Clinical Services ☐ OAEVS ☐ Vocational ☐ Business Office ☐ Record Office ☐ Placement Office

☐ Health Care Unit ☐ other (specify): ______

for the purpose of (explain):

Determining Status of 11/5/2021 Medical Grievance, which is past due for a Response. (See ATTACHED LETTER)

Have you previously discussed this issue with a staff member? ☐ No ☒ Yes If yes, name: Unit Counselor on 12/27/

[signature] Individual in Custody's Signature

Jan. 17th, 2022 Date

*INDIVIDUALS IN CUSTODY DO NOT WRITE BELOW THIS LINE*

Remarks by staff (if necessary):

EXHIBIT - 3-A

Print Staff Name

Staff Signature

To: Counselor over--Housing Unit R-1-D
Hill Correctional Center

From: JEFFREY HOLLINGSHEAD #M-42666
H.U.: R-1-D -51

Date: January 17, 2022

Dear Counselor;

I filed a Grievance on 11/5/2021 by placing it in the H.U. Grievance Box. I saw you on December 27th, 2021, and you informed me that it was a Medical Grievance that was forwarded to the Heath Care Unit for a Response, and after they responded I would be notified; The Law Library Clerk said under DOC Rule 504 they only have 60-days to Respond to the Grievance, if this is true, they are two weeks beyond they're time to respond. Could you please check on the status of the Grievance?

Thank you in advance, but I am in severe daily pain and desperately need this Grievance addressed.

Sincerely,

[signature]
JEFFREY HOLLINGSHEAD #M-42666
R-1-D-51

**EXHIBIT - 3-B**

To: CHRISTINE BRANNON DORTCH - WARDEN
HILL CORRECTIONAL CENTER

From: JEFFREY HOLLINGSHEAD #M-42666
H.U.: R-1-D-51

Date: February 7th, 2022

Dear Warden,

I filed a Medical Grievance on 11/5/2021 regarding my Hernia, and needing an Operation because it's a life and death matter. the"Hernia Mesh" that was implanted by an outside Hospital is "Defective" and Broke/Ripped in the exact same place as my previous Hernia. It is causing extreme excruciating pain, I can't walk, sleep, exercize, do absolutely nothing without causing greater pain.. The Health Care Officials are persistent in prescribing the same ineffective course of treatment which hasn't helped and does absolutely nothing for the pain. I wrote the Counselor over 3-weeks ago, and still haven't heard anything back from them, is there a way that you can find out the Status of this Grievance, because its way past due for a Response, and this pain isn't going away, in fact its getting worse. Please help me.

Respectfully,

**EXHIBIT - 3-C**

JEFFREY HOLLINGSHEAD M-42666
H.U. R-1-D-51

Assigned Grievance #/Institution: Housing Unit: Bed #:

1st Lvl rec: 008052208

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

2nd Lvl rec:

| Date: 8-4-22 | Offender (please print): Jeffrey Hollingshead | ID #: M-42666 | Race (optional): White |
|---|---|---|---|
| Present Facility: Sheridan | | Facility where grievance issue occurred: Henry Hill Corr. Center | |

**Nature of grievance:**

- ☐ Personal Property
- ☐ Mail Handling
- ■ Medical Treatment
- ☐ ADA Disability Accommodation
- ■ Staff Conduct
- ☐ Dietary
- ☐ HIPAA
- ☐ Restoration of Sentence Credit
- ☐ Transfer Denial by Facility
- ■ Other (specify): Illegal Hernia Repair Policy; Eighth Amendment U.S.-Constitutional Right violations (Cruel & Unusual)
- ☐ Disciplinary Report 8-4-22 (Date of report) — Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if **EMERGENCY** grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This emergency grievance pertains to the denial of adequate and responsible medical treatment for a stomach hernia injury. Accordingly, this Grievant names Hill Correctional Center / Wexford Health Sources current Medical Director, Dr. Kurt Osmundson, former Hill C.C. Medical Director, Dr. Jon Ek, current Hill C.C. Nurse Practioner, Kasey Kramer, N.P. Shinn, and Wexford Health Sources Inc. itself, as these are the liable persons who have knowingly violated this Grievant's constitutional rights when they acted with deliberate indifference and subjected him to cruel & unusual punishment subjecting him to a course -

■ Continued on reverse

**Relief Requested:**

That I be scheduled for a surgical consultation as soon as possible to fix this baseball sized stomach hernia. That Wexford Health Sources cease and desist from using defacto/illegal medical treatment policies that cause delay of treatment and pain & suffering.

■ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is **NOT** an emergency grievance.

[signature] Offender's Signature — M-42666 ID# — 8-4-22 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable) Date Received: ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Print Counselor's Name — Sign Counselor's Name — Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response

**EXHIBIT - 4**

**EMERGENCY REVIEW:** Date Received: Received AUG 05 2022 Sheridan Correctional Center Clinical Services

Is this determined to be of an emergency nature:

- ☒ Yes, expedite emergency grievance
- ☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

[signature] Chief Administrative Officer's Signature — 8-5-22 Date

ILLINOIS DEPARTMENT OF CORRECTIONS

# RESPONSE TO INDIVIDUAL IN CUSTODY'S GRIEVANCE

## Grievance Officer's Report

**Date Received:** August 5, 2022 **Date of Review:** September 2, 2022 **Grievance #:** 8052208

**Individual in Custody Name:** Jeffrey Hollinghead **ID#:** M42666

**Nature of Grievance:** Medical – Expedite Emergency Grievance

**Facts Reviewed:** Grievant states that he is being denied treatment for his stomach hernia injury. Grievant states that on July 13, 2022 he was seen by N.P. Shinn after seeking medical treatment and that it was his third time being seen at Hill C.C. Grievant states each time he complained of anxiety, stress, sleep interference, blood in stools, and walking th at causes pain. Grievant states that he his treatment by Dr. Ek, N.P. Kramer, and N.P. Shinn was fiber tablets, told to sleep on his side, not to work out, drink more water, given Ibuprofen, and a hernia belt. Grievant states that medical is not properly treating his hernia.

**Relief Requested:** That I be scheduled for a surgical consultation as soon as possible to fix this baseball sized stomach hernia. That Wexford Health Sources cease and desist from using defacto/illegal medical treatment policies that cause delay of treatment and pain & suffering.

**HCUA (TA) DON M. Grennan Response:** The patient states he is denied care for hernia at Hill CC. Patient was seen by provider at Hill for complaints of blood in stool after hard bowel movement bright red in color. Patient isn't taking fiber twice a day and isn't taking Colace daily. The patient reported hernia above umbilicus over a year. Patient had prior hernia repair. Diagnosis Abdominal hernia and constipation. Orders continue to monitor, patient educated to report changes in size, shape, and symptoms. Ibuprofen 800pm three times a day as needed. Abdominal binder, educated to take Fiber-lax and Colace. The patient transferred to Sheridan on 7-28-22 and reported to the nurse he had hernia no other complaints. No sick calls noted. If the Individual in custody has more issues, he should follow the sick call procedure.

**Recommendation:** BASED UPON A TOTAL REVIEW OF ALL INFORMATION, IT IS THE RECOMMENDATION OF THIS GRIEVANCE OFFICER THAT THE GRIEVANCE BE MOOT.

Print Grievance Officer's Name — Grievance Officer's Signature [signature]

(Attach a copy of Individual in Custody's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** 9/2/22 ☒ I concur ☐ I do not concur ☐ Remand

**Action Taken:**

Shirin Mills [signature] — Chief Administrative Officer's Signature — 9/2/22 Date

## Individual in Custody's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)**

[signature] Individual in Custody's Signature — M-42666 ID# — 9-6-22 Date

EXHIBIT – 5

JEFFREY HOLLINGSHEAD # M42666
Sheridan Correctional Center
4017 E. 2603 Road
Sheridan, Ill. 60551-9502

SEPTEMBER 6th, 2022

To: ADMINISTRATIVE REVIEW BOARD
P.O. Box 19277
Springfield, Illinois 62794-9277

Re: GRIEVANCE NUMBER #8052208

Dear ARB;

To Clear Up the Incorrect Response from HCUA (TA) Don M. GRENNAN's Response: Mr. Hollinshead was transferred to Sheridan on 7-28-22 and reported to the Nurse that he was having "Contant Hernia Pain", The Nurse informed Mr. Hollingshead that he would be Scheduled to be on the Doctor's Call Line to see a Doctor.

On 9-6-22 Mr. Hollingshead was seem by (Dr. M. Zahtz) for **"HERNIA PAIN"** which was from the **REFERRAL OF 7-28-22.** I had not put in any other requests BECAUSE i was told I was already scheduled to be seen by a Doctor for the Hernia Pain.

Also, In his Response that it states "The Patient reported hernia above umbilicus over a year"... The true fact is that it has been reported for over 3-Plus years, because it is obvious that the Hernia Mesh that was previously installed has torn and failed. Which is also LIFE THREATENING AND DANGEROUS TO CONTINUE UNTREATED.

END OF REPLY....

RESPECTFULLY,

JEFFREY HOLLINGSHEAD #M42666

cc:File: JH/File.
cc:Attorney Kurt Feurer

EXHIBIT - 6

Sheridan Correctional Center
Health Care Unit
**Special Orders**

Date: [illegible] 20[illegible]

To: Building Supervisor C- ________

Please Permit: ____________ No. [illegible]
Inmate's Name

Circle Appropriate Order:

No work, school, yard, gym or dayroom until ____________

May walk for meals and meds ____________

Meals in rooms until ____________

Medication in building until ____________

No gym or yard until ____________

May return to full program ____________ Approved for handicap gym ____________

Lower bunk -- x 30 days Single Cell ____________

Medical Alert: ____________

Has permission for slow walk x 30 days

Place on suicide watch/strip cell at ____________

Remove from suicide watch and place on close Supervision at ____________

Place on close Supervision at ____________

Remove from close Supervision at ____________

Place on observation status ____________

Remove from observation status ____________

Place on hunger strike ____________

Remove from hunger strike ____________

Other low gallery x 30 days

____________ RN

DCA13331
IL426-3399

Institution/Physician/Psychologist/or Nurse

White: Chart Green: Med.Record Staff Assistant Pink/Yellow: Offender/Housi[ng]

EXHIBIT - 7

| | | | |
|---|---|---|---|
| Inmate Id: | M42666 | Ret Form Ind: | Yes |
| Name: | HOLLINGHEAD, JEFFREY | Modify Ind: | |
| Chair Code: | JOLO | Deny Ind: | |
| Grv Type: | L | Favorable Ind: | |
| Grv Code: | MEDICAL | Deferred Ind: | |
| Receive Date: | 09/12/2022 | Moot Ind: | |
| Hearing Date: | 00/00/0000 | Grievance Number: | 8052208 |
| Mailing Date: | 00/00/0000 | Incident Number: | |
| Grv Loc: | HILL CC | Incident Date: | 00/00/0000 |
| Hearing Loc: | SHERIDAN CC | Incident Inst: | |
| | | Date Receipted: | 09/13/2022 |

Comments: EGRV# 8052208 & GRV DTD 8/4/22 GRVS BEING DENIED TX AND SURGERY FOR STOMACH HERNIA INJURY.

EXHIBIT - 8

J.B. Pritzker
Governor

Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Hollinghead, Jeffrey

9/14/22
Date

ID#: M42666

Facility: Sheridan C.C.

This is in response to your grievance received on 9/12/22. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 8/4/22 **Grievance Number:** 8052208 **Griev Loc:** Hill C.C.

- ☐ Transfer denied by the Facility
- ☐ Dietary
- ☐ Personal Property
- ☐ Mailroom/Publications
- ☐ Assignment (job cell)
- ☐ Commissary / Trust Fund
- ☐ Conditions (cell conditions, cleaning supplies, etc.)
- ☐ Disciplinary Report: Dated: ______ Incident #
- ☒ Other Medical - treatment, hernia, Staff Conduct - Dr. Ek, Dr. Osmundson, NP Kramer, NP Shinn, and Wexford, 8/4/22

**Based on a review of all available information, this office has determined your grievance to be:**

- ☐ Affirmed, Warden ______ is advised to provide a written response of corrective action to this office by ______.
- ☐ Denied, in accordance with DR504F, this is an administrative decision.
- ☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ☐ Denied as the facility is following the procedures outlined in DR525.
- ☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.
- ☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.
- ☐ Other: Per HCUA Grennan at Sheridan, grievant has been and is being treated. Grievant is not taking their medication. Only licensed medical professionals can diagnose and treat medical conditions. Grievant has access to HCU for all medical needs. All medical issues need to be directed to HCU at your current facility. After reviewing all available information, staff misconduct cannot be substantiated.

FOR THE BOARD: [signature] Jon Loftus, Administrative Review Board

CONCURRED: [signature] Rob Jeffreys, Director

CC: Warden, Sheridan C.C. Correctional Center
Hollinghead, Jeffrey, ID# M42666

EXHIBIT - 9

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for th[e] ... operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**