UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JEFFREY HOLLINGSHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-4038 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants Ek, Osmundson, Shinn, and Kramer failed to provide medical treatment other than ibuprofen, fiber tabs, and stool softener for a baseball-sized hernia during his incarceration at Hill Correctional Center ("Hill"). Plaintiff alleges these defendants persisted in this treatment despite his complaints that it was not effective and knowledge of his prior hernia surgery. Plaintiff alleges that Defendants Wyhtub and Zantz prescribed the same treatment at Sheridan Correctional Center ("Sheridan") after his transfer to that facility in July

2022. Plaintiff alleges that the lack of treatment at both facilities stemmed from Defendant

Wexford's policy limiting surgical referrals for hernias only to those that could not be "reduced"

(pushed back into the abdominal cavity) or those that had become strangulated.

Plaintiff alleges that Defendants Brannon-Dortch and Miles, the wardens at Hill and

Sheridan, respectively, approved his requests for expedited review of his grievances, only to

deny the relief requested after the grievance officer had inquired with healthcare about his

condition, but before he had seen a doctor. Plaintiff alleges that he was transferred from Hill to

Sheridan because he filed grievances about medical care.

Plaintiff asserts claims against officials at two prisons. Although involving the same

condition, the treatment received at each facility involves different defendants who treated

Plaintiff at different times, and, therefore, must be litigated in separate lawsuits. *George v. Smith*,

507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in

different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should

not allow inmates to flout the rules for joining claims and defendants…or to circumvent the

Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single

complaint."). The Court finds that joinder of the claims Plaintiff asserts against Hill and Sheridan

officials is not appropriate.

Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious

medical need against Defendants Ek, Osmundson, Shinn, Kramer, and Wexford Health Sources.

*Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Monell v. Dep't of Social*

*Srvcs. of City of New York*, 436 U.S. 658 (1978). Plaintiff does not state a claim against

Defendant Brannon-Dortch based on her involvement with the prison grievance system; no

plausible inference arises that Plaintiff lacked access to medical staff, and non-medical personnel

are permitted to defer to decisions made by the medical staff. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Plaintiff does not provide enough information regarding the circumstances surrounding his transfer for the Court to find that he states a retaliation claim.

Plaintiff's claims against Defendants Wyhtub, Zantz, and Miles must be litigated in a separate lawsuit. Because Sheridan is located in the Northern District of Illinois, venue for Plaintiff's Sheridan claims is appropriate in the Northern District of Illinois. Within 21 days of this Order, Plaintiff shall inform the Court whether he would like the Court to sever these claims and transfer them to the Northern District of Illinois or voluntarily dismiss the claims against the Sheridan defendants. If Plaintiff chooses to sever these claims, he will incur an additional filing fee once the case is transferred. Any dismissal would be without prejudice. The Court renders no opinion as to whether Plaintiff states a constitutional claim against the Sheridan defendants.

**IT IS THEREFORE ORDERED:**

1.      **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Ek, Osmundson, Shinn, Kramer, and Wexford Health Sources. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2.      **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

3.      **The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

4.      **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide**

to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.      The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.      The clerk is directed to terminate Christine Brannon-Dortch as a defendant.

12.      The clerk is directed to attempt service on Defendants Wexford Health Sources, Jonathan Ek, Kurt Osmundson, Kasey Kramer, and Shinn pursuant to the standard procedures.

        **13.**     **Within 21 days of this Order, Plaintiff shall inform the Court as to whether he would like to sever his claims against the Sheridan defendants for transfer to the Northern District of Illinois or voluntarily dismiss the claims against these defendants.**

        **14.**     **Plaintiff's motion for counsel [3] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Plaintiff's unsubstantiated statements that he has written to lawyers is not sufficient. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.**

Entered this 22nd day of May, 2023.


                         *s/Sara Darrow*
                         SARA DARROW
                   CHIEF U.S. DISTRICT JUDGE