E-FILED
Thursday, 02 October, 2025  11:19:13 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

JEFFREY HOLLINGSHEAD,     )
                               )
     Plaintiff,          )
                               )
        v.            )     Case No. 4:23-cv-04038
                               )
WEXFORD HEALTH SOURCES, *et al.*     )
                               )
     Defendants.       )

## <u>ORDER</u>

Plaintiff, then proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate indifference to a serious medical need. The matter comes before this Court for ruling on Plaintiff's Motion to Compel (Doc. 80), and Defendants' Motions for Extension of Time (Docs. 82, 85).

### DEFENDANTS' MOTIONS FOR EXTENSION OF TIME (DOCS. 82, 85)

Defendants filed motions for extension of time seeking additional time to file a response to Plaintiff's Motion to Compel and a Reply to Plaintiff's Summary Judgment Response, respectively.

The Court may, for good cause, extend a deadline on its own or upon motion before the original time or its extension expires. Fed. R. Civ. P. 6(b). Defendants filed both motions before the relevant deadline, and the Court finds that the attorney workload issues discussed in the motions constitutes good cause. Defendants' motions are granted. Defendants have since responded to Plaintiff's

Motion to Compel within the deadline requested. To the extent that new deadlines are necessary, the Court sets them below.

## BACKGROUND

Plaintiff filed this lawsuit on March 9, 2023, when he was proceeding *pro se*. (Doc. 1). He alleged in his complaint that prison officials failed to provide adequate medical treatment for a baseball-sized hernia. *Id.* The Court's Merit Review Order, entered pursuant to 28 U.S.C. § 1915A, allowed Plaintiff to proceed on an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Ek, Osmundson, Shinn, Kramer, and Wexford Health Sources ("Wexford"). *Id.* at 2-3.

Plaintiff amended his complaint after counsel appeared on his behalf. (Doc. 49). The Amended Complaint alleged: (1) an Eighth Amendment claim for denial of medical care against Defendants Ek, Kramer, and Shinn; (2) an Eighth Amendment official policy claim pursuant to *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978), against Defendant Wexford; (3) a state law medical malpractice claim against Defendants Ek, Kramer, Shinn, and Wexford; and (4) a *respondeat superior* claim against Defendant Wexford. *Id.* The magistrate judge previously presiding over this case granted Defendants' motion to dismiss Plaintiff's *respondeat superior* claim to the extent that Plaintiff sought to assert the claim under 42 U.S.C. § 1983. (Doc. 65 at 2).

During the discovery phase, Plaintiff served upon Defendants Ek, Kramer, Shinn, and Wexford Health Sources, Inc. ("Wexford") a Second Request to Produce that contained 17 requests in the following format:

> The complete set of medical records in the possession of Wexford, or one of its agents, in relation to the litigation of [case caption]. This request also seeks any and all expert opinions rendered in this case by either the plaintiff or defendants' expert and the transcript of the Plaintiff's deposition.

(Doc. 80-1). The lawsuits for which Plaintiff seeks records each involve medical treatment incarcerated individuals had received while incarcerated within the Illinois Department of Corrections. *Id.*

Defendants objected, stating that each request was overly broad, unduly burdensome, and beyond the scope of Rule 26(b), that opinions from consulting experts in these cases are protected work product, that protective orders entered in each case prohibit disclosure of the records "except for the purpose of litigating the referenced case," that some of the documents are in the public record and equally available to Plaintiff, and that Defendants Ek, Kramer, and Shinn do not have responsive records in their possession. *Id.*

Following a hearing conducted July 21, 2025, the Court directed Plaintiff to file a written motion to compel. Minute Entry dated July 21, 2025. Plaintiff's Motion to Compel asserts that the documents sought are relevant to his claims against Wexford, that the protective orders in other cases do not bar productions here, and that the protective order entered in this case is sufficient to address any confidentiality concerns. (Doc. 80).

Defendant Wexford states in its response that the Illinois Department of Corrections is the custodian of at least some of the records Plaintiff seeks, and that they can only obtain the types of records via subpoena or through discovery if IDOC is a party to the litigation. Defendant Wexford also argues that the protective orders in each of the other cases prohibits disclosure in this case. They do not object to producing records for which they are the custodian.

### LEGAL STANDARD

Fed. R. Civ. P. 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Within the scope of this rule, a party may serve on any other party a request to produce documents in the responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A). A party is in "possession, custody, or control" of documents when it has a "legal right to obtain the documents sought." *Robinson v. Moskus*, 491 F. Supp. 3d 359, 361 (C.D. Ill. 2020).

A party may move for an order compelling discovery if a party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The party seeking an order to compel discovery "bears the initial burden to prove that the information sought is relevant." *GS Holistic, LLC v. Splash Distributors, LLC,*

2025 WL 2709607, at *2 (E.D. Wis., filed Sept. 23, 2025). Once satisfied, the objecting party bears the burden to show that the discovery request is improper. *Id.*

## DISCUSSION

The Illinois Department of Corrections maintains a medical file for each prisoner incarcerated within its facilities pursuant to its own regulations.[1] Because Defendant Wexford was the private company contracted to provide medical services within IDOC during the relevant period, a prisoner's medical file may also include documents they maintain independently as part of their regular business practices. *See Lymon v. Chamberlain*, 2020 WL 6940985, at *5 (N.D. Ill., filed Nov. 24, 2020) (acknowledging some overlap between records maintained by IDOC and those maintained by Wexford). The respective custodians for each set of documents, and their respective relationships to the parties in a lawsuit, is important for discovery purposes because it defines the scope of documents a party may obtain from each entity and the appropriate mechanisms for doing so. *See, e.g.*, Fed. R. Civ. P. 34 (requests for production of documents from a party); Fed. R. Civ. P. 45 (document requests from nonparties). The parties do not dispute that documents maintained by both entities are discoverable under Rule 26.

The discovery requests Plaintiff served requested production of "medical files" and other documents produced, obtained, and prepared in the course of litigation in 17 separate lawsuits, each involving medical care similar to that at issue here. Defendant Wexford does not object to producing documents in their possession,

---

[1] IDOC Administrative Directive 04.03.100, available at: https://idoc.illinois.gov/aboutus/policies/ policies.html (last accessed Oct. 1, 2025); *see also Miller v. Wexford Health Source, Inc.*, 2024 WL 1376370, at *5 (N.D. Ill., filed Mar. 30, 2024).

custody, or control, and, to the extent that Plaintiff seeks an order compelling production of same, the request is moot.

Defendant Wexford points out that they are not the custodian of the medical records that IDOC maintains, and that the only way they can obtain these documents in cases where IDOC is not a party is via subpoena and an associated HIPAA protective order prohibiting disclosure of the information obtained for purposes unrelated to each case. Defendant Wexford argues that Plaintiff's discovery requests and motion fail to appreciate the difference between documents they produced in other cases and those they obtained via subpoena from third parties.

The record is not clear regarding whether Defendant Wexford or its counsel possesses the non-Wexford documents Plaintiff seeks. This detail is important because it bears on whether Rule 34 is the appropriate discovery mechanism for obtaining them. Rule 34 "by its terms…applies only to parties," necessarily excluding their counsel or agents. *Hobley v. Burge*, 433 F.3d 946, 950 (7th Cir. 2006). Possession of a document by the party's attorney may constitute possession, custody, or control by the party for purposes of Rule 34, depending on the origin of the document in question:

> If documents at issue originally were in the possession of a party and then turned over to the attorney, then those documents would be deemed in the possession, custody, or control of the party. If, however, a party never had possession of the documents in question, then those documents are not in their possession, custody, or control and that party cannot be required to produce something it never had in its possession.

*Walston v. Nat'l Retail Solutions, Inc.*, 2025 WL 580518, at *7 (N.D. Ill., Feb. 21, 2025) (internal citations omitted). An attorney's mere possession of discoverable material is not sufficient to compel disclosure under the rule. *Trustees of Chicago Regional Counsel of Carpenters Pension Fund v. Drive Constr., Inc.*, 2022 WL 2237621, at *2 (N.D. Ill., Jun. 22, 2022) (collecting cases).

The fact that Wexford's counsel obtained the information Plaintiff seeks via subpoena negates an inference that Wexford turned the documents over to defense counsel. Unless Wexford otherwise exercised control over these documents, they would not be required to produce them under Rule 34. Defense counsel is not a party to this litigation and cannot be compelled to respond to a Rule 34 request.

Assuming Defendant Wexford, and not its counsel, possesses these documents for purposes of Rule 34, they maintain that protective orders in the other cases limit use of the information to the respective cases in which it was obtained and prohibit disclosure here. Plaintiff cites to several cases involving the respective plaintiffs' attempts to obtain Wexford and IDOC records underlying expert reports filed in *Lippert et al v. Ghosh et al*, No. 10-cv-4603 (N.D. Ill.), commonly referred to as the "*Lippert* reports," to argue that the protective orders in other cases do not prohibit production here "so long as an appropriate protective mechanism exists — and one does: the Protective Order entered in this case specifically for protection of third-party PHI." (Doc. 80 at 3).

The protective order in the *Lippert* case provided that: "Nothing in this Order shall prevent a Party from disclosing or using any of its own documents,

information or things as it deems appropriate." *Lippert*, No. 10-cv-4603, ECF No. 111 at 8, ¶ 17. Citing to this language, the courts in *Lymon*, 2020 WL 6940985, at *6, and *Reed v. Wexford Health Sources, Inc.*, 2022 WL 4483949, at *4 (S.D. Ill., filed Sep. 27, 2022), found that the *Lippert* protective order did not prohibit IDOC or Wexford from producing documents for which they were the custodian pursuant to discovery requests or subpoena.

The difference here is that Defendant Wexford is not the original custodian of the records at issue, and they obtained those records in each case through a subpoena issued to IDOC. Wexford received the documents subject to protective orders prohibiting disclosure for purposes unrelated to the cases in which they were obtained. The cases cited above do not support Plaintiff's contention that a third-party confidentiality order authorizes modification of, or supersedes, protective orders entered in other cases. The cases mention their respective third-party protective orders only to point out that they would cover any information Wexford or IDOC produced, much as the third-party confidentiality order operates in this case. *Lymon*, 2020 WL 6940985, at *5; *Reed*, 2022 WL 4483949, at *4.

The *Reed* case proves instructive on the issue regarding production of third-party documents subject to a protective order prohibiting disclosure. The *Reed* plaintiffs subpoenaed the *Lippert* plaintiffs' counsel, "asking [the law firm] to produce documents sufficient to identify the patients discussed in the 2014 and 2018" *Lippert* reports, after efforts to otherwise obtain this information proved fruitless. *Reed*, 2022 WL 4483949, at *2. The law firm responded that they

possessed responsive documents, but that the protective order in *Lippert* prohibited disclosure. *Id.* The *Reed* plaintiffs then moved to intervene in *Lippert* pursuant to Rule 24, asking the *Lippert* court to modify its protective order. *Lippert*, No. 10-cv-4603, ECF No. 1534. The *Lippert* court granted this request and later modified the protective order to specifically allow the *Lippert* plaintiffs' counsel to disclose the information requested in the subpoena. *Id.*, ECF No. 1543.

The *Reed* plaintiffs demonstrated that the appropriate method under the federal rules to obtain records subject to a protective order is to first seek modification of the protective order in the case in which the order was entered.[2] Neither the statute under which the Court issued its protective order in this case, the federal rules, nor the cases Plaintiff cite support the contention that the Court may effectively modify another district court's order or authorize violation of same. Because the protective orders have not been modified to permit disclosure of the information Plaintiff seeks, neither Defendant Wexford, nor its counsel, are authorized to produce it.

Absent modification of the protective orders in each of the cases for which Plaintiff seeks records, an order granting the relief Plaintiff seeks would force Defendant Wexford to choose between violating this Court's order or those entered in the other cases. If Defendant Wexford chose the latter, the individuals whose private health information the protective orders are designed to protect would have neither notice of, nor an opportunity to object to, such disclosure. *Heard v. Becton,*

---

[2] The *Lippert* court later granted identical relief to a plaintiff in another case who sought this relief in the same manner as the *Reed* plaintiffs. *Lippert v. Ghosh*, 2023 WL 3267977 (N.D. Ill., filed May 4, 2023).

*Dickinson & Co*, 524 F. Supp. 3d 831, 845 (N.D. Ill. 2021) ("HIPAA protects *patient* health information, not medical provider information.") (emphasis in original). Plaintiff has other avenues under the rules to obtain the documents he seeks without raising these issues, as demonstrated by the plaintiffs in the cases cited above. *See Reed*, 2022 WL 4483949, at *1 (subpoena served upon non-party IDOC for third-party medical records); *Lymon*, 2020 WL 6940985, at *1-2 (same).

## CONCLUSION

Because Defendant Wexford is prohibited from producing the records Plaintiff seeks absent modification of the protective orders prohibiting disclosure, Plaintiff's motion to compel is denied.

**THEREFORE:**

1) **Defendants' Motions for Extension of Time [82][85] are granted.**

2) **Defendant Ek shall file any summary judgment reply by October 20, 2025.**

3) **Plaintiff's Motion to Compel [80] is denied.**

*SO ORDERED.*

Entered this 2nd day of October, 2025.

_____
s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
