# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| JEFFREY HOLLINGSHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-04038 |
| ) | |
| WEXFORD HEALTH SOURCES, *et al.* ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Plaintiff, then proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate indifference to a serious medical need. The matter comes before this Court for ruling on Defendant Ek's Motion for Summary Judgment asserting that Plaintiff's claim against him is barred by the statute of limitations. (Doc. 77). The motion is denied.

## BACKGROUND

Plaintiff was incarcerated at Hill Correctional Center ("Hill") from before the start of the relevant period until July 2022. He alleged in his amended complaint that he suffered from a hernia for which he did not receive adequate medical treatment. (Doc. 49). Defendant Ek became the Medical Director at Hill in February 2019. UMF 6.

Plaintiff alleged that Defendant Ek examined him for complaints related to his hernia on August 6, 2019, December 31, 2019, and January 8, 2020. (Doc. 49). Defendant Ek also consulted with a nurse via telephone about this condition on

January 29, 2020. *Id.* Plaintiff does not recall any visits with Defendant Ek after June 16, 2020. UMF 10. Plaintiff alleged that he told Defendant Ek that his hernia pain was increasing, that the treatment provided did not work, and that Defendant Ek did not adjust his treatment accordingly. (Doc. 49).

Plaintiff filed an emergency grievance on January 19, 2020, regarding the medical care Defendant Ek had provided. AMF 2. The grievance officer recommended denial of the grievance on February 3, 2020, and Chief Administrative Officer concurred on February 7, 2020. (Doc. 84-5 at 4). The Administrative Review Board denied Plaintiff's appeal on February 24, 2020. (Doc. 88-2 at 4).

On March 2, 2020, Defendant Ek signed a Written Collaborative Agreement with Defendant Kramer that provided in part:

> Under this agreement, the advanced practice nurse will work with the collaborating physician in an active practice to deliver health care services to offenders. This includes, but is not limited to, the diagnosis, treatment and management of acute and chronic health problems; ordering, and interpreting laboratory and radiology tests; prescribing medications, including controlled substances, to the extent delegated; receiving and dispensing stock medications; performing other therapeutic or corrective measures as indicated.

(Doc. 84-10 at 7). The agreement provided further that it "shall be for services the collaborating physician generally provided to his or her patients in the normal course of clinical practice," and that "[t]he advance practice nurse shall consult with the collaborating physician by telecommunication or in person as needed." *Id.*

In June 2020, Defendant Ek started the transition from his position at Hill to a new role at Danville Correctional Center. UMF 7. He provided care at both

facilities for approximately three months before he stopped providing medical care onsite at Hill in October 2020. UMF 9. Defendant Kramer testified that a physician not employed by Wexford worked at Hill from October 2020 through October 2021. Kramer Dep. 22:6-8 (Doc. 84-9 at 6). She testified that because the physician could not be her "collaborating" physician, her collaborative agreement with Defendant Ek remained in effect until March 29, 2021, the date she signed a similar agreement with Dr. Bautista. *Id.* 21:9-10 (Dr. Ek "was still my supervising physician until Dr. Bautista signed on."). Dr. Bautista worked at Stateville Correctional Center and did not regularly provide care onsite at Hill. *Id.* 22:1-3.

Plaintiff filed a lawsuit regarding the same medical treatment at issue in this case in the Northern District of Illinois on November 3, 2022.[1] UMF 2, AMF 11. On March 9, 2023, while that case was pending, Plaintiff filed this lawsuit. (Doc. 1). Plaintiff voluntarily dismissed the Northern District case pursuant to Fed. R. Civ. P. 41(a) on June 13, 2023. *Hollingshead v. Wexford Health Sources, Inc. et al*, No. 22-cv-6255, ECF No. 23 (N.D. Ill, Jun. 13, 2023).

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most

---

[1] The postmark on the envelope indicates that Plaintiff mailed his complaint on November 3, 2022. (Doc. 84-1 at 46). Pursuant to the mailbox rule, the Court considers it filed on that date. *See Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015) (pro se prisoner's district court filings are "deemed filed at the moment the prisoner places it in the prison mail system.").

favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

State law governs the limitations period and tolling rules in cases brought pursuant to § 1983. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) ("Section 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims."); *Heard v. Sheahan*, 253 F.3d 316, 317 (7th Cir. 2001). In Illinois, personal injury suits have a two-year statute of limitations, and thus a plaintiff must bring § 1983 claims within timeframe. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014). The statute of limitations is tolled while a prisoner exhausts administrative remedies pursuant to the Prisoner Litigation Reform Act (PLRA). *Id.*

Federal law governs when a claim accrues, and thus when the clock starts, for purposes of the statute of limitations. *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019). Cases alleging an ongoing denial of care—where

each day that a lack of medical care prolongs or exacerbates unnecessary pain—constitutes a "continuing violation" for accrual purposes. *Id.* When a continuing violation exists, "it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct," and, therefore, such a claim accrues on "the date of the last incidence of that violation, not the first." *Turley*, 729 F.3d at 651. A claim against any individual defendant accrues immediately when that person loses the power "to do something about [the plaintiff's] condition." *Heard*, 253 F.3d at 318; *Wilson*, 932 F.3d at 517-18 (claim accrued on date of doctor's resignation). Defendant Ek left Hill in October 2020. He argues that Plaintiff's claim against him accrued at that time.

This case is distinguishable from the *Wilson* case Defendant Ek cites in his argument. The physician in *Wilson* resigned, and he thus could not have provided care to the plaintiff in that case after that date. 932 F.3d at 518. Defendant Ek transferred to a different facility, remained employed by Wexford Health Sources, and delegated authority to provide medical treatment to Defendant Kramer until March 29, 2021. Defendant Kramer testified that Defendant Ek remained her supervisor until that time, and nothing in their collaborative agreement suggests that it did not survive his transfer to Danville. The agreement between Defendant Kramer and Dr. Bautista negates an inference that these types of agreements required the contracting parties to work at the same facility. Defendant Ek's ability to delegate authority to Hill officials permits only the inference that he maintained the power to direct the medical treatment of prisoners housed therein.

The Court does not suggest that the existence of a valid collaborative agreement, on its own, is sufficient to show the personal involvement required under § 1983. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983…liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). For purposes of the issue currently before the Court, Defendant Ek's delegation of authority to officials at Hill, and presumed authority to dictate treatment at that facility after he left, is sufficient to show that he maintained the power to do something about Plaintiff's care until his agreement expired. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff's claims accrued on March 29, 2021, and his complaint filed March 9, 2023, was timely.

## Conclusion

The Court finds that Defendant Ek failed to show that Plaintiff's claim is time-barred. Defendant Ek is therefore not entitled to judgment as a matter of law.

**THEREFORE:**

1) **Defendant Ek's Motion for Summary Judgment [77] is denied.**

*SO ORDERED.*

Entered this 10th day of November, 2025.

                                                   s/Ronald L. Hanna
                                                   Ronald L. Hanna
                                         United States Magistrate Judge